UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DISNEY ENTERPRISES, INC.,
DC COMICS,
HANNA-BARBERA PRODUCTIONS, INC.,
VIACOM INTERNATIONAL INC.,
and WARNER BROS. ENTERTAINMENT INC.,

                Plaintiffs,

Case No.: 6:04-CV-386-ORL-18-JGG

vs.

KMR WHOLESALE, INC.,
SUNIL WARRIER,
ASHA WARRIER,
and JOHN DOES 1-5,

                Defendants.

_____/

DENIED and SO ORDERED this 5 day of May, 2004

G. KENDALL SHARP
United States District Judge

### DEFENDANT, KMR WHOLESALE INC.'S, MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION

The Defendants, KMR Wholesale, Inc., through counsel and pursuant to Federal Rules of Civil Procedure 12(h)(2), hereby move the United States District Court, Middle District of Florida, Orlando Division to dismiss for Plaintiffs' failure to state a specific cause of action upon which relief may be granted, and offer the following for the Judge's consideration in any and all decisions, hearings and motions in this cause:

1.     The Complaint attempts to allege causes of action for copyright infringement, trademark infringement, false designation of origin and false description, and common law unfair competition.

SCANNED

2. Such causes of action require specific allegations when applied to a wholesaler such as Defendant who holds merchandise owed by itself and others in the ordinary course and scope of business.

3. The Plaintiffs fail to specifically allege the actions allegedly taken by the Defendants that infringe on the trademark or copyright, falsely designates the origin and description, and violates the common law unfair competition.

4. Throughout the complaint, the Plaintiffs allege that the Defendants in some way infringed upon the Plaintiffs' copyright and trademark interests, but Plaintiffs never specify the infringing action upon which they base their causes of action.

5. Instead, Plaintiffs use boilerplate language and glittering generalities that are self-contradicting when applied to a wholesaler like Defendant:

    a. In Paragraph 17 the Plaintiffs allege that the Defendants "import, distribute, offer for sale and sell..." the allegedly infringing merchandise. See Complaint at Page 15.

    b. In Paragraph 17 the Plaintiffs also allege that the Defendants "reproduce, manufacture, import, copy or sell ..." the allegedly infringing merchandise. See Complaint at Page 16.

    c In Paragraph 19 the Plaintiffs allege that the Defendants "manufactured, distributed, sold or offered for sale..." the allegedly infringing merchandise. See Complaint at Page 16.

  d. In Paragraph 21 the Plaintiffs allege that the Defendants "imported, manufactured, distributed, sold or offered for sale..." the allegedly infringing merchandise. See Complaint at Page 16.

  e. In Paragraph 22 the Plaintiffs allege that the Defendants "imported, manufactured, distributed, sold or offered for sale..." the allegedly infringing merchandise. See Complaint at Page 17.

  f. In Paragraph 24 the Plaintiffs allege that the Defendants will "manufacture, distribute, sell, or offer for sale...." the allegedly infringing merchandise. See Complaint at Page 17.

  g. In Paragraph 30 the Plaintiffs allege that the Defendants have "adopted and used..." the allegedly infringing merchandise. See Complaint at Page 19.

  h. In Paragraph 31 the Plaintiffs allege that the Defendants have "imported, manufactured, distributed, sold or offered for sale..." the allegedly infringing merchandise. See Complaint at Page 19.

  i. In Paragraph 32 the Plaintiffs allege that the Defendants have "imported, manufactured, distributed, sold or offered for sale..." the allegedly infringing merchandise. See Complaint at Page 19.

  j. In Paragraph 36 the Plaintiffs allege that the Defendants "use..." the allegedly infringing merchandise. See Complaint at Page 20.

   k.  In Paragraph 40 the Plaintiffs allege that the Defendants have "manufactured ... distributed and sold ..." the allegedly infringing merchandise. See Complaint at Page 21.

   l.  In Paragraph 43 the Plaintiffs allege that the Defendants were "misappropriating and using the likenesses..." of the allegedly infringing merchandise. See Complaint at Page 21.

   m.  In Paragraph 45 the Plaintiffs allege that the Defendants "use..." the allegedly infringing merchandise. See Complaint at Page 22.

   n.  In Paragraph 50 the Plaintiffs allege that the Defendants were "utilizing .... advertising, marketing, and offering for sale..." the allegedly infringing merchandise. See Complaint at Page 22.

   o.  In Paragraph 51 the Plaintiffs allege that the Defendants "appropriated" the allegedly infringing merchandise. See Complaint at Page 23.

   p.  In Paragraph 52 the Plaintiffs allege that the Defendants "advertised, marketed and offered for sale" the allegedly infringing merchandise. See Complaint at Page 23.

6.  These self-contradictory and vague assertions about alleged actions of the Defendant go far beyond being too non-specific to permit an answer. Plaintiffs fail to state a specific cause of action upon which relief may be granted.

7.  Although this pleading does not constitute our answer to the complaint, in compliance with a Federal Rule of Civil Procedure 8(C) we hereby assert and thereby

reserve the following defenses among others, and further reserve the right to add to, delete, or amend these defenses within the time prescribed by law:

    a.    Contribute to our negligence;

    b.    License;

    c.    Statute of Limitations;

    d.    Any other matter constituting avoidance or affirmative defense;

    e.    And we assert our right to a trial by a jury of our peers.

WHEREFORE, the Defendants' would request that this Honorable Court to dismiss the complaint for failure to state a cause of action for which relief can be granted, or in the alternative, to enter an order compelling Plaintiffs to make a more definite statement from which Defendant may answer.

"GOOD FAITH" CERTIFICATE OF COUNSEL: Pursuant to Rule 3.01(g) of the Rules of the United States District Court for the Middle District of Florida, by signing below the undersigned attorney hereby certifies that the foregoing motion is made in good faith and not for the purpose of delay. The opposing counsel has been contacted in a good faith effort to resolve this motion without a hearing, but if this motion is nevertheless submitted for adjudication, then those efforts failed to satisfactorily resolve this motion or the opposing counsel objects to this motion.

I HEREBY CERTIFY that a true and correct copy of the foregoing Amended Response has been furnished by U.S. Mail on this _____ day of April, 2004 to: Michael W.O. Holihan, 1101 North Lake Destiny Road, Suite 350, Maitland, Florida 32751 as

attorney for the plaintiffs.

_____
Patrick John McGinley, Esquire
Fla. Bar. No. 0085881
Law Office of Patrick John McGinley, P.A.
2431 Aloma Avenue Suite 251
Winter Park, FL 32792
(407) 681-2700 telephone
(407) 681-2710 facsimile

cc:     Mr. Sunil Warrier