UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC., DC COMICS, HANNA-BARBERA PRODUCTIONS, INC., PLAYBOY ENTERPRISES INTERNATIONAL, INC., VIACOM INTERNATIONAL INC., and WARNER BROS. ENTERTAINMENT INC., | CIVIL NO.: 6:04-CV-386-ORL-18-JGG |
| Plaintiffs, | |
| vs. | |
| KMR WHOLESALE, INC., SUNIL WARRIER, ASHA WARRIER, and JOHN DOES 1 - 5, | |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO DEFENDANT
KMR WHOLESALE, INC.'S MOTION TO DISMISS
FOR FAILURE TO STATE A CAUSE OF ACTION**

Plaintiffs, Disney Enterprises, Inc., DC Comics, Hanna-Barbera Productions, Inc., Playboy Enterprises International, Inc., Viacom International Inc. and Warner Bros. Entertainment, Inc., by and through their undersigned attorneys, hereby respond to Defendant KMR Wholesale, Inc.'s (hereinafter referred to as "KMR") Motion to Dismiss for Failure to State a Cause of Action,



pursuant to Fed. R. Civ. P. 12(h)(2)[sic][1], and respectfully requests this Court to enter an Order denying this Motion, as the Plaintiffs have stated a cause of action against KMR upon which relief may be granted as more fully shown by the following memorandum of law.

## Memorandum

The present action concerns the Plaintiffs' claims that KMR and co-Defendants Sunhil Warrier and Asha Warrier (hereinafter collectively referred to as "Warrier") were engaged in the willful counterfeiting of the Plaintiffs' well known copyrighted properties and trademarks. These counterfeiting activities consisted of the Defendants' sale, marketing and offering for sale of unauthorized mobile telephone face plates bearing exact copies of Plaintiffs' copyrighted properties such as "Mickey Mouse," "Hello Kitty," "Scooby-Doo," and "SpongeBob Squarepants" as well as trademarks such as "Playboy," "Looney Tunes," and "Batman".

As a result of this activities, and concurrent with the filing of this action, the Plaintiffs' moved for and received a Temporary Restraining Order and Order of Seizure. Thereafter, on March 27, 2004, a seizure was carried out at Defendants' place of business. On March 29, 2004, the Plaintiffs filed with the Court an inventory of the counterfeit merchandise seized on March 27, 2004,

---

[1] KMR Wholesale, Inc.'s Motion to Dismiss for Failure to State a Claim is properly brought pursuant to Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 12(h)(2) merely provides that a 12(b)(6) defense may not be waived.

2

which was being offered for sale by the Defendants. On April 4, 2004, a Preliminary Injunction was entered in this matter against the Defendants.

With this as background KMR has now moved for an order dismissing the Plaintiffs' complaint contending that the Plaintiffs have failed to plead a claim upon which relief might be granted. The timing of this Motion is most odd given that this Court has already entered a Preliminary Injunction against KMR on Plaintiffs' claims after a hearing and the presentation of evidence. Moreover, a closer look at the Motion shows that it is unsupported by any legal authority in violation of Local Rule 3.01(a). Given these considerations, Plaintiffs respectfully suggest that this Court should deny the Motion out of hand as frivolous and a waste of limited judicial assets.

Alternatively, should this Court wish to review the merits of KMR's Motion, Plaintiffs would respectfully show that their complaint does state a cause of action against KMR. The sole argument made in KMR's Motion is that Plaintiffs' have failed to identify what conduct of KMR infringed the Plaintiffs' copyrights and trademarks.

A motion to dismiss is only granted "when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of their claim which would entitle him to relief." *Spain v. Brown & Williamson Tabacco Corporation*, 2004 U.S. App. LEXIS 5792 (11th Cir., March 29, 2004) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Additionally, all of the "complaint's

3

well-pleaded factual allegations" will be accepted as true. *LaGrasta v. First Union Securities, Inc.*, 358 F.3d 840, 842 (11th Cir., 2004).

The Plaintiffs have alleged four causes of action against the KMR: copyright infringement (17 U.S.C. §501); trademark infringement (15 U.S.C. §1114); false designation of origin and false description under the Lanham Act (15 U.S.C. §1125(a)); unfair competition under Florida's common law; and dilution under the Lanham Act (15 U.S.C. §1125(c). To comply with Fed. R. Civ. P. 8(a)(2), Plaintiffs' claims merely must "give the defendant fair notice of what the [P]laintiffs' claims [are] and give the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

With respect to Count One, for copyright infringement, Disney Enterprises, Inc. (Disney), Hanna-Barbera Productions, Inc. (Hanna-Barbera) and Viacom International, Inc. (Viacom), have alleged that KMR violated their respective copyrights. To state a claim for copyright infringement a plaintiff must show (1) ownership of a valid copyright and (2) copying of the protected work by the alleged infringer." *Feist Publications, Inc. v. Rural Tele. Serv. Co.*, 499 U.S. 340, 361 (1991); *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). Here, Disney, Hanna-Barbera and Viacom have each alleged that they possess ownership to various valid copyrights. See paragraphs 5, 7 and 9. Additionally, Disney, Hanna-Barbera and Viacom have specifically identified the copyright registrations evidencing their copyrighted works that are at issue. See Exhibits

"A" (index of the applicable copyright registrations) and "B" (copies of the copyright registrations at issue) to the Complaint.

The second element the Plaintiffs must allege to put KMR on notice of its copyright infringement claim is the conduct which violated the Plaintiffs' copyrights. In paragraph 17, Plaintiffs allege that the "Defendants named in this Complaint has been and threatens to continue to import, distribute, offer for sale and sell counterfeit merchandise consisting of <u>mobile phone face plates created through the application of counterfeit decals</u>, as well as related merchandise, bearing exact copies, or colorable imitations of the Plaintiffs' distinctive trademarks, licensed trademarks, and <u>copyrighted works</u>." While this allegation alone would have fairly stated a claim against the Defendants, the Plaintiffs have gone to the added effort of attaching photocopies of the infringing mobile phone face plates to Complaint as part of Exhibit "E". Finally, each of the Plaintiffs have attached a sworn corporate declaration that the infringing mobile phone face plates were unauthorized and that the Plaintiffs had never authorized the Defendants to "reproduce, manufacture, import, copy or sell any mobile face plates bearing decals, or any related merchandise" bearing the Plaintiffs' trademarks, licensed trademarks, and copyrights. See Exhibit "D" to the Complaint.[2]

---

[2] This same paragraph also alleges that the infringing face plates bearing their trademarks, licensed trademark and copyrighted would be referred to in the remainder of the Complaint as the "Infringing Merchandise".

There is no ambiguity on the face of these pleadings. The allegations as they stand clearly put the Defendants on notice of the Plaintiffs' claim for copyright infringement.

The Plaintiffs' Count Two is for trademark infringement under the Lanham Act. To allege a claim for trademark infringement, a plaintiff must contend that their marks were used in commerce by the defendants without their consent and that the unauthorized use was likely to cause confusion, or to cause mistake or to deceive. *Nitro Leisure Products, LLC v. Acushnet Company*, 341 F.3d 1356, 1359 (11th Cir. 2003); *see also Burger King Corporation v. Mason*, 710 F.2d 1480, 1491 (11th Cir. 1983). Additionally, the Plaintiffs must possess valid Federal trademark registration to the applicable trademarks. Here the Plaintiffs have alleged that they possess exclusive rights to their respective trademarks. See paragraphs 5 through 10, 15 and 28. The Plaintiffs have further identified the applicable Federal trademark registrations at issue in this matter by indexing them as Exhibit "A" and attaching copies in Exhibit "C" to the complaint. These registrations are prima facie evidence that Plaintiffs have the right to use such marks in commerce. 15 U.S.C. § 1057(a), §1115(a).

The next element the Plaintiffs must allege is that KMR was utilizing the trademarks without authorization, and that this use caused deception or mistake. The Plaintiffs have done this in paragraphs 31 wherein they allege that

> Defendants <u>imported, manufactured, distributed, sold, and offered for sale Infringing Merchandise bearing the Plaintiffs' trademarks without the authorization</u> of the Plaintiffs and continue to offer for sale such products to the public. Defendants sold or offered for sale Infringing Merchandise, and related merchandise bearing the Plaintiffs' trademarks in the Middle District of Florida and interstate commerce, <u>thus creating the likelihood of confusion, deception, and mistake</u>.

In paragraph 32, the Plaintiffs go on to allege that

> <u>Each Defendant, individually or in conspiracy with the other named Defendants, have imported, manufactured, distributed, sold, or offered for sale counterfeit or unauthorized Infringing Merchandise bearing the Plaintiffs' distinctive trademarks.</u> Defendants' acts were done with actual and constructive knowledge of the Plaintiffs' exclusive rights, and have contributed to the infringing, copying, duplication, sale, and offer for sale of counterfeit copies of merchandise bearing the Plaintiffs' distinctive trademarks.

Again, each of the Plaintiffs have also provided a sworn declaration that the mobile phone face plates sold and offered for sale by KMR were unauthorized and infringing. See Exhibit "D". Accordingly, the Plaintiffs have stated a cause of action for trademark infringement.

Plaintiffs' Counts Three and Four are for unfair competition under the Lanham Act and under Florida's common law, respectively. The allegations necessary to state a cause of action against KMR for unfair competition are essentially the same as those for making out a trademark infringement action.

*Porsche Cars North America, Inc. v. Lloyd Design Corp.*, 2002 U.S. Dist. LEXIS 9612 (N.D. Ga., 2002), and *Portionpac Chemical Corporation v. Sanitech Systems, Inc.*, 217 F. Supp. 2d 1238, 1253 (M.D. Fla., 2002). The Plaintiffs must allege that KMR used the Plaintiffs' marks without authorization causing deception or mistake in the market place. The only material difference from a trademark infringement claim under 15 U.S.C. § 1114, is that the Plaintiffs to do not need to plead that they possess a Federal trademark registration to the applicable trademarks. *Id.*

In Count Three, paragraph 40, Plaintiffs have alleged that:

> The unauthorized manufacture of Infringing Merchandise, which have been distributed and sold by the Defendants, exactly duplicate and appropriate the likeness of the Plaintiffs' copyrighted, trademarks and licensed trademarks in order to delude and confuse the public into believing that the Infringing Merchandise have been authorized and/or sponsored by the Plaintiffs.

Further, in paragraph 43, Plaintiffs' aver:

> Defendants, by misappropriating and using the likenesses of the Plaintiffs' copyrighted properties, trademarks and licensed trademarks, in connection with the sale of Infringing Merchandise, are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their products. Defendants have caused such products to enter into interstate commerce with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that their products are authorized or emanate from the Plaintiffs.

8

In Count Four, paragraph 48, the Plaintiffs have incorporated the allegations in paragraphs 40 and 43, into their claim for unfair competition under Florida's common law. The Plaintiffs go on to allege in Count Four, paragraph 50, that "[t]he Defendants are utilizing the Plaintiffs' trademarked and copyrighted properties in conjunction with the advertising, marketing, and offering for sale of the Infringing Merchandise, thereby passing it off as goods authorized or distributed by Plaintiffs."

These allegations state a cause of action against KMR for unfair competition under the Lanham Act and Florida's common law.

### Conclusion

Based on the foregoing, Plaintiffs' respectfully request this Court to enter an Order denying KMR's Motion in all respects, and moreover, requiring KMR to file an Answer within the next twenty (20) days.

Dated this 3rd day of May, 2004.

Respectfully submitted,

_____
Michael W.O. Holihan
Florida Bar No: 782165
**Michael W.O. Holihan, P.A.**
1101 North Lake Destiny Road
Suite 350
Maitland FL 32751
Telephone: (407) 660-8575
Facsimile: (407) 660-0510
Mobile: (407) 963-5885
Attorneys for Plaintiffs

9