

FILED

04 MAY 19 PM 12: 21

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| DISNEY ENTERPRISES, INC., DC COMICS, HANNA-BARBERA PRODUCTIONS, INC., PLAYBOY ENTERTAINMENT INTERNATIONAL, INC., VIACOM INTERNATIONAL INC., and WARNER BROS. ENTERTAINMENT INC., <br><br> Plaintiffs, <br><br> vs. <br><br> KMR WHOLESALE, INC., SUNIL WARRIER, ASHA WARRIER, and JOHN DOES 1 - 5, <br><br> Defendants. | CIVIL NO.: 6:04-CV-386-ORL-18-JGG <br><br> FOR: <br><br> (1) COPYRIGHT INFRINGEMENT; <br><br> (2) TRADEMARK INFRINGEMENT; <br><br> (3) FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION; <br><br> (4) COMMON LAW UNFAIR COMPETITION; |

**CASE MANAGEMENT REPORT**

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)** <br> [Court recommends 30 days after CMR meeting] | 06/07/04 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** <br> [each party who has not previously filed must file immediately] | Filed |
| **Motions to Add Parties or to Amend Pleadings** <br> [Court recommends 1 - 2 months after CMR meeting] | 07/22/04 |
| **Disclosure of Expert Reports** <br> Plaintiff: <br> Defendant: | <br> 10/15/04 <br> 11/15/04 |



| | |
|---|---|
| [Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | |
| **Discovery Deadline** [Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | 12/06/04 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions** [Court requires 4 months or more before trial term begins] | 01/25/05 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** [10 days before Joint Final Pretrial Statement] | 02/14/05 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)** [Court recommends 6 weeks before Final Pretrial Conference] | 03/03/05 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs** [Court recommends 3 weeks before Final Pretrial Conference] | 04/14/05 |
| **Final Pretrial Conference** [Court will set a date that is approximately 3 weeks before trial] | 04/14/05 |
| **Trial Term Begins** [Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | 05/05/05 |
| **Estimated Length of Trial** [trial days] | 2 days |
| **Jury / Non-Jury** | Answer not filed. |
| **Mediation** Deadline: Mediator:     Lawrence M. Watson Jr. Address:      900 Winderley Place, Suite 122 Maitland, Florida 32751 Telephone:  407-661-1123 [Absent arbitration, mediation is *mandatory*; Court | |

| | |
|---|---|
| recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes____ <br> No _X_ <br><br> Likely to Agree in Future _____ |

## I. Meeting of Parties in Person

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held on May 6, 2004 at 2:00 P.M. by telephone and was attended by:

| Name | Counsel For |
|---|---|
| Michael W. O. Holihan | Plaintiffs |
| Patrick McGinley | Defendants |

## II. Pre-Discovery Initial Disclosures of Core Information

### Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extend that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ____ have exchanged _X_ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)

˘____on    _X___ by   (check one) June 7, 2004.

Below is a description of information disclosed or scheduled for disclosure.

## III. Agreed Discovery Plan for Plaintiffs and Defendants
    A.    **Certificate of Interested Persons and Corporate Disclosure Statement —**

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

  This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

  Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

__X__  Yes

_____  No    Amended Certificate will be filed by _____
(party) on or before _____ (date).

B.   **Discovery Not Filed —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. See Local Rule 3.03 (f). The parties further agree as follows:

Each side will provide copies of discovery on disk.

C.   **Limits on Discovery —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

    1.    Depositions: Pursuant to Federal rules

    2.    Interrogatories: Pursuant to Federal rules

    3.    Document Requests
            Plaintiff: 50
            Defendant: 50

    4.    Requests to Admit

        Plaintiff: 100

        Defendant; 100

    5.    Supplementation of Discovery

        30 days upon newly discoverable evidence

**D.    Discovery Deadline** —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

No additional agreements

**E.    Disclosure of Expert Testimony** —

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

No additional agreements

F.  **Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. See Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992); Wilson v. American Motors Corp., 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

Not applicable.

G.  **Other Matters Regarding Discovery —**

None.

IV. **Settlement and Alternative Dispute Resolution.**

   A. **Settlement —**

   The parties agree that settlement is

   __X__ likely _____ unlikely       (check one)


   The parties request a settlement conference before a United States Magistrate Judge.

   _____ yes   __X__ no   _____ likely to request in future


   B. **Arbitration —**

   The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

   _____ yes   __X__ no   _____ likely to agree in future

   _____ Binding          _____ Non-Binding


   C. **Mediation —**

   Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

   D. **Other Alternative Dispute Resolution —**

   The parties intend to pursue the following other methods of alternative dispute resolution: Infomal settlement discussions between counsel as events warrant.

Date: 5/18/04

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

_____
Michael W.O. Holihan
Florida Bar No: 782165
**Michael W.O. Holihan, P.A.**
1101 North Lake Destiny Road
Suite 350
Maitland, Florida 32751
Telephone: (407) 660-8575
Facsimile: (407) 660-0510
Mobile: (407) 963-5885
Attorney for Plaintiffs

_____  5/17/04
Patrick John McGinley
Fla. Bar No.: 085881
**Law Office of Patrick John McGinley, PA**
2431 Aloma Avenue
Suite 251
Winter Park, Florida 32792
Telephone: (407) 681-2700
Facsimile: (407) 681-2710
Attorney for the Defendants