UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DISNEY ENTERPRISES, INC.,
DC COMICS,
HANNA-BARBERA PRODUCTIONS, INC.,
VIACOM INTERNATIONAL INC.,
and WARNER BROS. ENTERTAINMENT INC.,

            Plaintiffs,

                      Case No.: 6:04-CV-386-ORL-18-JGG

vs.

KMR WHOLESALE, INC.,
SUNIL WARRIER,
ASHA WARRIER,
and JOHN DOES 1-5,

            Defendants.
_____/

## DEFENDANTS', KMR WHOLESALE INC.'S, SUNIL WARRIER, AND ASHA WARRIER, MEMORANDUM OF LAW OPPOSING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON ISSUE OF DEFENDANTS' LIABILITY

    The Defendants, KMR Wholesale, Inc., Sunil Warrier, and Asha Warrier, through counsel and pursuant to Federal Rules of the United States District Court of the Middle District of Florida 3.01(a), hereby provides this memorandum of law in opposition of the Plaintiffs' Motion for Summary Judgment on Issue of Liability.

    Summary judgment may be granted only if there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Joseph C. Shields v. John Zuccarini, 254 F.3d 476 (3rd Cir. 2001) (citing, Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986)). A "genuine issue," as applied in Rule 56 of the Federal Rules of Civil Procedure, is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." Professional Real Estate Investors, Inc., et. al. v. Columbia Pictures Industry, Inc., et. al., 508 U.S. 49 (1993) (citing, Anderson v. Liberty Lobby, Inc., 477 US 242, 250 (1986)).

Genuine issues of material fact exist in the case at hand. Plaintiffs are liable for copyright infringement only if the Defendants prove one or all of the Plaintiffs' "use in commerce of any reproduction, counterfeit, copy or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution ... of any good ... with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 USC §114 (2003). Likewise, Plaintiffs are liable for trade infringement only if the Defendants prove one or all of the Plaintiffs "uses in commerce any ... symbol ... which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of such person with another person." 15 USC §1125 (2003).

Even if all the facts in Plaintiffs' memorandum of law are taken as true, they fail to establish each individual Defendant's use, offer for sale (as to any alleged copyright infringement), and likelihood to cause confusion, mistake or deception. The Plaintiffs have included three defendants in their suit, but have failed to allege all the necessary elements of their claims against each defendant.

## KMR WHOLESALE

The Plaintiffs have alleged actions taken by Mr. Sunil Warrier and Asha Warrier. There is no allegation made regarding action taken on behalf of the corporation. The

Plaintiffs have also failed to prove that any action taken by either Sunil Warrier's or Asha Warrier's was taken on behalf of the Corporation.

Plaintiffs have not proven that the Defendants KMR Wholesale or Sunil Warrier sold the allegedly counterfeit items. In fact, the Plaintiffs admit that the Defendant KMR Wholesale, Inc. stored his corporate inventory separately from the allegedly counterfeit goods. (See <u>Plaintiffs' Memorandum in Support of Motion for Summary Judgment on Issue of Liability</u> at Page 4.) The Plaintiffs further admit that the Defendants do not offer for sale or sell the allegedly counterfeit items through Defendant KMR Wholesale's website. (See <u>Plaintiffs' Memorandum in Support of Motion for Summary Judgment on Issue of Liability</u> at Page 4.) Plaintiffs further admit that their investigator purchased the inventory out of the back of a truck instead of the Defendant KMR Wholesale, Inc.'s property. (See <u>Plaintiffs' Memorandum in Support of Motion for Summary Judgment on Issue of Liability</u> at Page 3, and Plaintiffs' Exhibit C to <u>Plaintiffs' Memorandum in Support of Motion for Summary Judgment on Issue of Liability</u>, at Paragraph #3.) It is important to note that nobody alleges that the Defendants manufactured these goods.

<u>SUNIL WARRIER</u>

Plaintiffs have failed to meet their burden of proof as to Mr. Warrier's use, sale or offer for sale of any of the allegedly counterfeit items. Plaintiffs have established only that Mr. Warrier stored the items. In fact, the Plaintiffs confess that the items were kept separate from other items that Mr. Warrier kept for sale. (See <u>Plaintiffs' Memorandum in Support of Motion for Summary Judgment on Issue of Liability</u> at Page 4.) The Plaintiffs have failed to establish the purpose for which Mr. Warrier allegedly kept these items. A

3

jury could find that Mr. Warrier was unaware that the person from whom he received the items was not authorized to distribute the items, and that upon his becoming suspicious, he did the right thing and stored these items separately so as to avoid the sale or offer for sale of the items.

The Plaintiffs allege that the Defendant, Sunil Warrier, admitted he knew the items were counterfeit. The raid of the Defendant Corporation was a surprise to Mr. Warrier. As any person would under the circumstances, Mr. Warrier felt great stress and duress when the Plaintiffs' attorney and investigator questioned him. The questioning also took place outside the presence of this attorney at this raid. (See <u>Plaintiffs' Memorandum in Support of Motion for Summary Judgment on Issue of Liability</u> at Page 4) Anyone can misspeak or be misunderstood when under such great stress or duress, and a jury may find this to be the case. Plaintiffs have failed to establish that Mr. Sunil Warrier is an attorney or another who knows the laws applicable to intellectual property rights. Plaintiffs have also failed to establish that Mr. Warrier is a person who could identify a genuine versus a counterfeit item of the Plaintiffs'. In fact, the Plaintiffs themselves need the analysis of and declaration of experts to establish the allegedly counterfeit nature of each of the items. Plaintiffs have not alleged Mr. Warrier is such an expert, and Mr. Warrier in fact is not such an expert. A jury could find that Mr. Warrier never made this statement, or, in the alternative, they could find that Mr. Warrier made this statement, but was not qualified to make such a determination, and, therefore cannot be said to admit the alleged counterfeit nature of the items that were seized from the warehouse.

4

## ASHA WARRIER

Plaintiffs have failed to meet their burden of proof as to Ms. Asha Warrier's use, sale or offer for sale of any of the allegedly counterfeit items. The Plaintiffs assert only that they hired an investigator who purchased the allegedly counterfeit mobile phone plates from a person alleging to be Ms. Asha Warrier, and that this individual gave him a business card that read "KMR Wholesale." Business cards are easily accessible, and could be produced by any individual. Several people could hold cards that indicate they work for the Defendant Corporation, when, in fact, they do not. No particular security is used to prevent counterfeiting of the Defendant Corporations business cards, and no unique process or particular print shop is used to create those cards. It is possible that the jury can find that whoever counterfeited Plaintiffs' merchandise had the means and motive to also counterfeit the Defendant Corporation's business cards. (See Exhibit C that is attached to the <u>Declaration of Eric Berger</u>, which is Exhibit C of <u>Plaintiffs' Memorandum in Support of Motion for Summary Judgment on Issue of Liability</u>) People who sell illegal merchandise out of the back of a truck tend to give false name or otherwise conceal their identity. A jury can find that the real counterfeiters impersonated Ms. Warrier. Plaintiff has failed to positively identify the counterfeiter as Ms. Warrier. Further, the Plaintiffs confess that they purchased these materials out of the back of a truck, rather than at a location that is within the control of the Defendant Corporation. A jury could find that whoever sold this material out of the back of that truck did not take this action on behalf of the Defendant Corporation or at the direction of its officers.

## CONTRIBUTORY AND VICARIOUS LIABILITY

Plaintiffs have failed to meet their burden as to the individual defendants', Sunil Warrier's and Asha Warrier's, liability. As to Asha Warrier, the Plaintiffs failed to allege that she had any financial interest in her alleged sale of the items, nor any ability or authority to supervise Mr. Sunil Warrier's actions (especially considering that Asha Warrier's position, as Director of the Corporation, is inferior to Sunil Warrier's position as President of the Corporation). The Plaintiffs have alleged only that Asha Warrier sold items that were allegedly counterfeit in December of 2003. As to Sunil Warrier, the Plaintiffs fail to allege his knowledge of the person alleging to be Asha Warrier's alleged sale of the items in December of 2003, and any fact that would substantiate, let alone not require a jury's opinion, as to his ability to or actual action or actions that induced, caused or materially contributed to any allegedly infringing conduct of the person alleging to be Asha Warrier. A jury could find that the person alleging to be Ms. Warrier was not acting on behalf of the Defendant Corporation, or at the direction or inducement of Sunil Warrier.

## CONCLUSION

Plaintiffs have failed to establish that no genuine issue of material fact exists, and, therefore, Plaintiffs' Motion for Summary Judgment as to Defendants' Liability must be denied. Plaintiffs have not proven that the Defendants KMR Wholesale or Sunil Warrier sold the allegedly counterfeit items.

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Continue Date of Filing Affidavits in Support of Defendants' Memorandum of Law

Opposing Plaintiffs' Motion for Summary Judgment on Issue of Defendants' Liability has been furnished by U.S. Mail on this 21st day of July, 2004 to: Michael W O Holihan, 1101 North Lake Destiny Road, Suite 350, Maitland, Florida 32751, Attorney for Plaintiffs.

                                        Patrick John McGinley, Esquire
                                        Fla. Bar. No. 0085881
                                        Law Office of Patrick John McGinley, P.A.
                                        2431 Aloma Avenue Suite 251
                                        Winter Park, FL 32792
                                        (407) 681-2700 telephone
                                        (407) 681-2710 facsimile
                                        Attorneys for Defendants

cc:     Mr. and Mrs. Warrier