IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DISNEY ENTERPRISES, INC., DC COMICS, HANNA-BARBERA PRODUCTIONS, INC., PLAYBOY ENTERPRISES INTERNATIONAL, INC., VIACOM INTERNATIONAL INC., and WARNER BROS. ENTERTAINMENT INC.,

        Plaintiffs,

vs.

KMR WHOLESALE, INC., SUNIL WARRIER, ASHA WARRIER, and JOHN DOES 1 - 5,

        Defendants.

CIVIL NO.: 6:04-CV-386-ORL-18-JGG

### SETTLEMENT AGREEMENT AND CONSENT TO PERMANENT INJUNCTION AGAINST KMR WHOLESALE, INC., SUNIL WARRIER, ASHA WARRIER

        Plaintiffs, DISNEY ENTERPRISES, INC., DC COMICS, HANNA-BARBERA PRODUCTIONS, INC., PLAYBOY ENTERPRISES INTERNATIONAL, INC., VIACOM INTERNATIONAL INC., and WARNER BROS. ENTERTAINMENT INC., by and through their undersigned attorney, and KMR WHOLESALE, INC., SUNIL WARRIER and ASHA WARRIER (hereinafter collectively referred to as "KMR"), by and through their

1

undersigned attorneys, hereby enter into the following Settlement Agreement and Consent to Permanent Injunction (hereinafter "Agreement"):

1. KMR agrees and stipulates to the following facts and findings:

   A. This Court has jurisdiction over the Plaintiffs and the Defendant(s) and the Subject Matter of this action.

   B. The Plaintiffs are the owners of the distinctive copyrighted properties and trademarks identified by the registrations indexed as Exhibit "A" to the Complaint and hereinafter referred to as "the Copyrighted Properties and Trademarks." The registrations are valid and subsisting and are conclusive proof of the Plaintiffs' rights to the Copyrighted Properties and Trademarks noted.

   C. KMR has never been authorized by any of the Plaintiffs to manufacture, sell, offer for sale, advertise, promote, market, display and/or distribute mobile phone face covers, mobile phone accessories and related merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing any design or image which is of a substantially similar appearance to the Copyrighted Properties and Trademarks.

   D. KMR admits that they have willfully and intentionally infringed upon the Copyrighted Properties and Trademarks by selling, offering for sale, advertising, promoting, marketing, displaying and/or distributing mobile phone face covers, mobile phone accessories and/or related merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or

image which was of a substantially similar appearance to the Copyrighted Properties and Trademarks.

  E. The Plaintiffs are suffering and have suffered irreparable injury as a result of KMR's manufacture, distribution, display, sale, advertisement, promotion, marketing, and/or offer for sale of mobile phone face covers, mobile phone accessories and/or related merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which is of a substantially similar appearance to the Copyrighted Properties and Trademarks. The Plaintiffs will continue to suffer irreparable harm and injury should a Permanent Injunction Order not be issued. Additionally, as a result of the seizure carried out by the U.S. Marshals on March 27, 2004, KMR was found to have in their possession 3,546 items of counterfeit merchandise (hereinafter the "Seized Goods"). A copy of the Seizure Inventory List is attached hereto as Exhibit "1."

 2. KMR shall immediately cease the manufacture, sale, offering for sale, advertising, promotion, marketing and distribution, or other commercial exploitation of any kind of merchandise, including mobile phone face covers, mobile phone accessories, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which is of a substantially similar appearance to the Copyrighted Properties and Trademarks.

 3. KMR, its officers, directors, agents, employees, affiliates, divisions and subsidiaries agree that, in the future, it shall not design or image, manufacture, export, import, distribute, offer for sale, sell or otherwise traffic in any goods

bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which is of a substantially similar appearance to the Copyrighted Properties and Trademarks.

4. KMR stipulates and agrees to entry of a Permanent Injunction against them in the form attached hereto as Exhibit "2" forever enjoining them from the design, manufacture, sale, offering for sale, advertising, promotion, marketing and distribution, or other commercial exploitation of any kind of merchandise, including mobile phone face covers and/or mobile phone accessories, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which  is of a substantially similar appearance to the Copyrighted Properties and Trademarks.

5. KMR agrees and stipulates that they have no infringing or counterfeit merchandise bearing the Copyrighted Properties and Trademarks in their possession or control, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which is of a substantially similar appearance to the Copyrighted Properties and Trademarks, or that if they have any such remaining infringing or counterfeit merchandise, they will turn over such merchandise to Plaintiffs' counsel upon execution of this agreement. Further, KMR states that they will turned over to the Plaintiffs upon execution of this Agreement all documents or records in their possession, custody or control related to their sale, purchase, manufacture or offer for sale of counterfeit or infringing merchandise covered by this agreement, and if KMR's source of the

counterfeit or infringing merchandise is not evidenced by such documents, KMR will provide their best information concerning the identity and location of the source of the counterfeit or infringing merchandise to Plaintiffs' undersigned counsel, as well as the identities of any person or entity to whom KMR has sold or transferred any counterfeit or infringing merchandise, in a the form of a sworn declaration or affidavit.

6.   KMR shall pay damages to the Plaintiffs in the amount of Forty Thousand Dollars ($40,000.00).  Payment of the damages shall be made as follows: KMR shall pay to Plaintiffs certified funds in the amount of $20,000.00 upon execution of this Agreement.  Thereafter in the eleven ensuing months, on or before the 20th day of each month, beginning on March 20, 2005 and running through January 20, 2006, KMR shall make payments of One Thousand Six Hundred and Sixty-seven Dollars ($1,667.00).  KMR shall make its final payment in the amount of One Thousand Six Hundred and Sixty-three Dollars on or before February 20, 2006. All settlement funds shall be made payable to **Holihan Law Trust Account** via cashiers or trust check.  Funds paid in a form other than this shall be deemed a default of this Agreement and not accepted.  KMR shall also be deemed in default of this agreement should any payment be delivered to the Holihan Law at the address later than ten (10) days of the due date noted above.  All payments shall be mailed or sent to the following address:

Holihan Law
1101 North Lake Destiny Road
Suite 350
Maitland, Florida 32751

7. KMR stipulates and agrees that they shall be in default of this Agreement by failing to make payment of damages as provided in paragraph 6, or by failing to turn over to Plaintiffs' undersigned counsel any counterfeit or infringing merchandise knowingly in KMR's possession at the time this agreement is executed, or by knowingly misrepresenting their source of the counterfeit or infringing merchandise or to whom they have sold and distributed the counterfeit or infringing merchandise, or if they ever again violate any of the Plaintiffs' exclusive Trademarks, or otherwise violates any of the terms of this Agreement, and upon such default, the Plaintiffs' shall have the right to have this Court set aside any Final Order entered pursuant to this Agreement, and further, this Court may upon the Plaintiffs' Motion and Declaration of Default, enter a Judgment for damages in the amount of One Hundred and Twenty Thousand Dollars ($120,000.00), against KMR, jointly and severally, plus reasonable attorney's fees and costs connected with having a Judgment entered under this provision. The parties stipulate that any damages awarded to the Plaintiffs under this paragraph relate solely to the underlying action, *Disney Enterprises, Inc. et. al. v. KMR Wholesale, Inc., et. al.* CIVIL NO.: 6:04-CV-386-ORL-18-JGG, and are damages which the Plaintiffs would have otherwise been entitled to had they not resolved this matter by entering into this Agreement. Additionally, the Plaintiffs will be entitled to full damages and attorney's fees, above and beyond an award of damages provided by this paragraph, which may arise out of any contempt proceedings brought against KMR under the Permanent Injunction as the result of any subsequent infringing or counterfeiting activity.

8. KMR stipulates and agrees that any Seized Goods currently in Plaintiffs' undersigned counsel's possession as substitute custodian, or otherwise turned

over to Plaintiffs' counsel as provided for in this Agreement, may be destroyed and/or disposed of at the Plaintiffs' discretion and in such manner as Plaintiffs' deem appropriate. KMR hereby waives any and all right, title and/or interest to the Seized Goods and forever releases the Plaintiffs from any and all claims arising out of their disposition.

9. In reliance upon the truthfulness all the statements made above by KMR, Plaintiffs jointly move with KMR for this Court to enter a Final Order on this matter with respect to KMR, as provided for in the proposed Permanent Injunction and Final Order attached hereto as Exhibit "2". KMR and Plaintiffs stipulate and move that the Permanent Injunction shall remain in full force and effect after the Court enters the Final Order, and further that this Court retain jurisdiction over this matter to enforce the terms of this Agreement and the Permanent Injunction.

**Signatures on Next Page**

Date: 2/17/05

_____
Michael W.O. Holihan
Florida Bar No.: 782165
Holihan Law
1101 North Lake Destiny Rd.
Suite 350
Maitland, Florida 32751
Telephone: (407) 660-8575
Fax: (407) 660-0510
Attorney for Plaintiffs

Date: 2/16/05

_____
Patrick John McGinley, Esq.
Florida Bar No.:0085881
The Law Offices of Patrick John
  McGinley, P.A.
2431 Aloma Avenue, Suite 251
Winter Park FL 32792
Telephone: (407) 681-2700
Fax: (407) 681-2710
Attorney for Defendants

Date: 2/14/05

_____
Sunil Warrier

Date: 2/9/05

_____
Asha Warrier

8

| Company | Character | Quantity | Type |
|---|---|---|---|
| DC Comics | Superman | 165 | Faceplate |
| Disney | Donald Duck | 89 | Faceplate |
| Disney | Eeyore | 184 | Faceplate |
| Disney | Mickey | 329 | Faceplate |
| Disney | Minnie | 105 | Faceplate |
| Disney | Piglet | 19 | Faceplate |
| Disney | Tigger | 197 | Faceplate |
| Disney | Winnie-the-Pooh | 1492 | Faceplate |
| Hanna-Barbera | Scooby-Doo | 147 | Faceplate |
| Playboy | Rabbit Head Logo | 78 | Faceplate |
| Viacom | SpongeBob Squarepants | 121 | Faceplate |
| Warner Bros. | Bugs Bunny | 41 | Faceplate |
| Warner Bros. | Tom and Jerry | 74 | Faceplate |
| Warner Bros. | Marvin the Martian | 154 | Faceplate |
| Warner Bros. | Taz | 172 | Faceplate |
| Warner Bros. | Tweetie | 179 | Faceplate |
|  | Total | 3546 |  |



IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DISNEY ENTERPRISES, INC., DC COMICS, HANNA-BARBERA PRODUCTIONS, INC., PLAYBOY ENTERPRISES INTERNATIONAL, INC., VIACOM INTERNATIONAL INC., and WARNER BROS. ENTERTAINMENT INC.,

    Plaintiffs,

vs.

KMR WHOLESALE, INC., SUNIL WARRIER, ASHA WARRIER, and JOHN DOES 1 - 5,

    Defendants.

CIVIL NO.: 6:04-CV-386-ORL-18-JGG

## PERMANENT INJUNCTION AND FINAL ORDER AGAINST KMR WHOLESALE, INC., SUNIL WARRIER, ASHA WARRIER

Upon consideration of the Settlement Agreement and Consent to Permanent Injunction, and this Court being fully aware of the premises, the Court makes the following findings of fact and conclusions of law:

1. KMR stipulates that this Court has jurisdiction over the Plaintiffs and KMR Wholesale, Inc., Sunil Warrier and Asha Warrier (hereinafter collectively "KMR") and the Subject Matter of this action.



2.  KMR stipulates that the Plaintiffs are the owners of the distinctive copyrighted properties and trademarks and identified by the index of registrations attached as Exhibit "A" to the Complaint and hereinafter referred to as "the Copyrighted Properties and Trademarks." The registrations are valid and subsisting and are conclusive proof of the Plaintiffs' rights to the Copyrighted Properties and Trademarks and properties noted, and are indexed to this Final Order and Permanent Injunction as Exhibit "A".

3.  KMR stipulates that the Plaintiffs brought the present action against KMR alleging claims of copyright infringement, trademark infringement, false design or designation of origin, false description, and unfair competition.

4.  KMR stipulates that the Plaintiffs' claim arose out of the KMR's willful and intentional infringement upon the Plaintiffs' Copyrighted Properties and Trademarks through the KMR's sale, offering for sale, advertising, promoting, marketing, displaying and/or distributing mobile phone face covers, mobile phone accessories and/or related merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which was of a substantially similar appearance to the Copyrighted Properties and Trademarks.

5.  KMR stipulates they have never been authorized by any of the Plaintiffs to manufacture, sell, offer for sale, advertise, promote, market, display and/or distribute mobile phone face covers, mobile phone accessories and related merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and

Trademarks, or bearing any design or image which is of a substantially similar appearance to the Copyrighted Properties and Trademarks.

6. KMR stipulates that that they have willfully and intentionally infringed upon the Copyrighted Properties and Trademarks by manufacturing, selling, offering for sale, advertising, promoting, marketing, displaying and/or distributing mobile phone face covers, mobile phone accessories and related merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which was of a substantially similar appearance to the Copyrighted Properties and Trademarks.  Additionally, as a result of the seizure carried out by the U.S. Marshals on March 27, 2004, KMR was found to have in their possession 3,546 items of counterfeit merchandise (hereinafter the "Seized Goods").

7. KMR stipulates that the Plaintiffs are suffering and have suffered irreparable injury as a result of KMR's manufacture, distribution, display, sale, advertisement, promotion, marketing, and/or offer for sale of mobile phone face covers, mobile phone accessories and related merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which is of a substantially similar appearance to the Copyrighted Properties and Trademarks.  The Plaintiffs will continue to suffer irreparable harm and injury should a Permanent Injunction Order not be issued.

8. KMR has stipulated and agreed to give up all right, title and interest in the Seized Goods to the Plaintiffs as provided for the by the Settlement Agreement and Consent to Permanent Injunction.

9. KMR stipulates and agrees to entry of a Permanent Injunction forever enjoining them manufacturing, sell, offering for sale, advertising, promotion, marketing and distribution, or making any commercial exploitation of any kind of merchandise, including mobile phone face covers, mobile phone accessories or any other products, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which is of a substantially similar appearance to the Copyrighted Properties and Trademarks.

In view of the foregoing:

**IT IS ORDERED AND ADJUDGED** that a PERMANENT INJUNCTION is entered as to KMR, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining KMR, their agents, servants, employees and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise:

a. From manufacturing, procuring, distributing, shipping, retailing, selling, offering for sale, marketing, advertising or trafficking, in any merchandise, including mobile phone face covers, mobile phone accessories and/or related merchandise, not authorized by the Plaintiffs, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which is of a substantially similar appearance to the Copyrighted Properties and Trademarks listed on Exhibit "A" to the Complaint and to this Order;

b. From passing off, inducing or enabling others to sell or pass off, as authentic products produced by the Plaintiffs or otherwise authorized by the

Plaintiffs, any product not manufactured by the Plaintiffs or produced under the control or supervision of the Plaintiffs and approved by the Plaintiffs, which utilize any of the Trademarks listed on Exhibit "A" to the Complaint and to this Order;

    c. From committing any act calculated to cause purchasers to believe that KMR products are those sold under the control and supervision of the Plaintiffs, or are sponsored, approved or guaranteed by the Plaintiffs, or are connected with and produced under the control or supervision of the Plaintiffs;

    d. From further diluting and infringing Plaintiffs' Copyrighted Properties and Trademarks and damaging their goodwill; and

    e. From causing, aiding, and/or abetting any other person from doing any act proscribed under a, through d above.

It is further, **ORDERED AND ADJUDGED,**

That this Court shall retain jurisdiction of this action for purposes of enforcing the provisions of the Settlement Agreement, Permanent Injunction and Final Order by way of contempt or otherwise. KMR agrees not to contest the validity of the Copyrighted Properties and Trademarks in any such proceedings.

It is further, **ORDERED AND ADJUDGED,**

That the parties waive appeal of this Permanent Injunction and Final Order.

It is further, **ORDERED AND ADJUDGED,**

That any Seized Goods currently in Plaintiffs' undersigned counsel's possession as substitute custodian, or otherwise turned over to Plaintiffs' counsel as provided for in the Parties' Settlement Agreement, may be destroyed and/or

disposed of at the Plaintiffs' discretion and in such manner as Plaintiffs' deem appropriate.

It is further, **ORDERED AND ADJUDGED,**

That the Injunction and Seizure Bond filed by the Plaintiffs in this action is hereby deemed discharged and void.

It is further, **ORDERED AND ADJUDGED,**

That this Permanent Injunction and Final Order shall operate as a final judgment as to KMR.

It is further, **ORDERED AND ADJUDGED,**

That each party to this Permanent Injunction and Final Order shall bear its own attorneys' fees and costs of this action.

Dated this \_\_\_\_ day of _____, 2005.

_____
Kendall G. Sharp
UNITED STATES DISTRICT JUDGE

6