IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DISNEY ENTERPRISES, INC., DC
COMICS, HANNA-BARBERA
PRODUCTIONS, INC., PLAYBOY
ENTERPRISES INTERNATIONAL,
INC., VIACOM INTERNATIONAL
INC., and WARNER BROS.
ENTERTAINMENT INC.,

      Plaintiffs,

vs.

KMR WHOLESALE, INC., SUNIL
WARRIER, ASHA WARRIER, and
JOHN DOES 1 - 5,

      Defendants.

CIVIL NO.: 6:04-CV-386-ORL-18-JGG

## PERMANENT INJUNCTION AND FINAL ORDER AGAINST KMR WHOLESALE, INC., SUNIL WARRIER, ASHA WARRIER

Upon consideration of the Settlement Agreement and Consent to Permanent Injunction, and this Court being fully aware of the premises, the Court makes the following findings of fact and conclusions of law:

1. KMR stipulates that this Court has jurisdiction over the Plaintiffs and KMR Wholesale, Inc., Sunil Warrier and Asha Warrier (hereinafter collectively "KMR") and the Subject Matter of this action.

2. KMR stipulates that the Plaintiffs are the owners of the distinctive copyrighted properties and trademarks and identified by the index of

registrations attached as Exhibit "A" to the Complaint and hereinafter referred to as "the Copyrighted Properties and Trademarks." The registrations are valid and subsisting and are conclusive proof of the Plaintiffs' rights to the Copyrighted Properties and Trademarks and properties noted, and are indexed to this Final Order and Permanent Injunction as Exhibit "A".

3. KMR stipulates that the Plaintiffs brought the present action against KMR alleging claims of copyright infringement, trademark infringement, false design or designation of origin, false description, and unfair competition.

4. KMR stipulates that the Plaintiffs' claim arose out of the KMR's willful and intentional infringement upon the Plaintiffs' Copyrighted Properties and Trademarks through the KMR's sale, offering for sale, advertising, promoting, marketing, displaying and/or distributing mobile phone face covers, mobile phone accessories and/or related merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which was of a substantially similar appearance to the Copyrighted Properties and Trademarks.

5. KMR stipulates they have never been authorized by any of the Plaintiffs to manufacture, sell, offer for sale, advertise, promote, market, display and/or distribute mobile phone face covers, mobile phone accessories and related merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing any design or image which is of a substantially similar appearance to the Copyrighted Properties and Trademarks.

6. KMR stipulates that that they have willfully and intentionally infringed upon the Copyrighted Properties and Trademarks by manufacturing, selling, offering for sale, advertising, promoting, marketing, displaying and/or distributing mobile phone face covers, mobile phone accessories and related merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which was of a substantially similar appearance to the Copyrighted Properties and Trademarks. Additionally, as a result of the seizure carried out by the U.S. Marshals on March 27, 2004, KMR was found to have in their possession 3,546 items of counterfeit merchandise (hereinafter the "Seized Goods").

7. KMR stipulates that the Plaintiffs are suffering and have suffered irreparable injury as a result of KMR's manufacture, distribution, display, sale, advertisement, promotion, marketing, and/or offer for sale of mobile phone face covers, mobile phone accessories and related merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which is of a substantially similar appearance to the Copyrighted Properties and Trademarks. The Plaintiffs will continue to suffer irreparable harm and injury should a Permanent Injunction Order not be issued.

8. KMR has stipulated and agreed to give up all right, title and interest in the Seized Goods to the Plaintiffs as provided for the by the Settlement Agreement and Consent to Permanent Injunction.

9. KMR stipulates and agrees to entry of a Permanent Injunction forever enjoining them manufacturing, sell, offering for sale, advertising, promotion,

marketing and distribution, or making any commercial exploitation of any kind of merchandise, including mobile phone face covers, mobile phone accessories or any other products, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which is of a substantially similar appearance to the Copyrighted Properties and Trademarks.

In view of the foregoing:

**IT IS ORDERED AND ADJUDGED** that a PERMANENT INJUNCTION is entered as to KMR, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining KMR, their agents, servants, employees and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise:

    a. From manufacturing, procuring, distributing, shipping, retailing, selling, offering for sale, marketing, advertising or trafficking, in any merchandise, including mobile phone face covers, mobile phone accessories and/or related merchandise, not authorized by the Plaintiffs, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which is of a substantially similar appearance to the Copyrighted Properties and Trademarks listed on Exhibit "A" to the Complaint and to this Order;

    b. From passing off, inducing or enabling others to sell or pass off, as authentic products produced by the Plaintiffs or otherwise authorized by the Plaintiffs, any product not manufactured by the Plaintiffs or produced under the control or supervision of the Plaintiffs and approved by the Plaintiffs, which

utilize any of the Trademarks listed on Exhibit "A" to the Complaint and to this Order;

 c. From committing any act calculated to cause purchasers to believe that KMR products are those sold under the control and supervision of the Plaintiffs, or are sponsored, approved or guaranteed by the Plaintiffs, or are connected with and produced under the control or supervision of the Plaintiffs;

 d. From further diluting and infringing Plaintiffs' Copyrighted Properties and Trademarks and damaging their goodwill; and

 e. From causing, aiding, and/or abetting any other person from doing any act proscribed under a, through d above.

It is further, **ORDERED AND ADJUDGED**,

 That this Court shall retain jurisdiction of this action for purposes of enforcing the provisions of the Settlement Agreement, Permanent Injunction and Final Order by way of contempt or otherwise. KMR agrees not to contest the validity of the Copyrighted Properties and Trademarks in any such proceedings.

It is further, **ORDERED AND ADJUDGED**,

 That the parties waive appeal of this Permanent Injunction and Final Order.

It is further, **ORDERED AND ADJUDGED**,

 That any Seized Goods currently in Plaintiffs' undersigned counsel's possession as substitute custodian, or otherwise turned over to Plaintiffs' counsel as provided for in the Parties' Settlement Agreement, may be destroyed and/or disposed of at the Plaintiffs' discretion and in such manner as Plaintiffs' deem appropriate.

It is further, **ORDERED AND ADJUDGED**,

That the Injunction and Seizure Bond filed by the Plaintiffs in this action is hereby deemed discharged and void.

It is further, **ORDERED AND ADJUDGED,**

That this Permanent Injunction and Final Order shall operate as a final judgment as to KMR.

It is further, **ORDERED AND ADJUDGED,**

That each party to this Permanent Injunction and Final Order shall bear its own attorneys' fees and costs of this action.

Dated this 25 day of Feb, 2005.

Kendall G. Sharp
UNITED STATES DISTRICT JUDGE